IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEESA BRYANT,

    Petitioner,

v.                                                                   Case No. 4:12cv627-RH/CAS

J.V. FLOURNOY, Warden, and

UNITED STATES PAROLE COMMISSION,

    Respondents.
_____/

### REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about December 6, 2012, Petitioner Leesa Bryant, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting memorandum. Docs. 1 and 2. Petitioner subsequently filed an amended § 2241 petition and memorandum. Docs. 8 and 9. On August 23, 2013, Respondents filed an answer, with attached exhibits. Doc. 14. Petitioner filed a reply on or about September 24, 2013. Doc. 15.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief. Accordingly, this § 2241 petition should be denied.

## Background and Procedural History

In an indictment filed June 14, 1988, in the United States District Court for the Western District of Texas, case number W-88-CR-47(1), Petitioner Bryant was charged with "unlawfully, willfully, deliberately, with premeditation and malice aforethought, killing Larry Keith Bryant, Jr., by shooting him with a shotgun, in violation of 18 U.S.C. §§ 1111 and 2," murder on a government reservation, in connection with events that took place on June 26, 1982.  Doc. 14 Exs. A and B.  Bryant proceeded to a trial, and the jury returned a verdict of guilty on October 7, 1988.  *Id.*  The court sentenced her on November 7, 1988, to life in prison under the provisions of 18 U.S.C. § 4205(a).  *Id.* (Judgment and Sentence).  Bryant, incarcerated at the Federal Correctional Institution in Tallahassee, Florida, became eligible for parole on June 16, 1998.  *Id.* Ex. B.

Bryant submitted a parole application and the initial parole hearing took place on April 22, 1998.  *Id.* Exs. C and D.  By Notice of Action dated May 18, 1998, the Parole Commission agreed with the hearing examiner's recommendation to continue the case for a 15-year reconsideration hearing in April 2013.  *Id.* Ex. E; *see id.* Ex. D.  The hearing examiner had also recommended that the case be designated as "original jurisdiction" pursuant to 28 C.F.R. 2.17(b)(4); however, the Commission disagreed with this recommendation.  *Id.* Ex. D at 6, Ex. E.  Bryant appealed.  *Id.* Ex. F.  In a Notice of Action dated October 14, 1998, the National Appeals Board affirmed the Commission's decision.  *Id.* Ex. H.

An interim hearing took place on May 17, 2000.  Doc. 14 Ex. I.  The recommendation was for no change in the 15-year reconsideration date of April 2013.

*Id.* Ex. J.  Interim hearings also took place in 2002 and 2004, and the Commission made no change to the 15-year reconsideration date of April 2013.  *Id.* Exs. K and L.

Another interim hearing took place on March 23, 2006.  *See id.* Ex. M.  The hearing examiner recommended the reconsideration date be advanced to August 2012 as a reward for Bryant's superior achievements and exemplary behavior in prison.  *Id.* at 3-4.  The Commission agreed with this recommendation and advanced the reconsideration date to August 2012.  *Id.* Ex. N.  Additional interim hearings took place in 2008 and 2010, with the Commission ordering no change in the reconsideration date of August 2012.  *Id.* Exs. O and P.

The 15-year reconsideration hearing took place on November 17, 2011.  *Id.* Ex. Q.  The hearing examiner recommended Bryant be released.  *Id.* at 3.  The examiner also recommended the case for original jurisdiction.  *Id.*  The Commission voted to designate the case as original jurisdiction but disagreed with the examiner's recommendation to grant parole.  *Id.* Ex. S.  By Notice of Action dated May 8, 2012, Bryant's case was designated as original jurisdiction.  *Id.* Ex. T.

Bryant submitted an administrative appeal as well as a petition for reconsideration.  *Id.* Exs. V and W.  On August 21, 2012, the National Appeals Board affirmed the Commission's decision.  *Id.* Ex. X.  Bryant then filed this § 2241 petition, as indicated above.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas

remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is

properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus). "A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole Commission." Antonelli, 542 F.3d at 1352.

In this case, Bryant's § 2241 petition challenges the administration of her sentence, specifically the decision of the Commission to deny her parole. Doc. 8. Specifically, Bryant presents two grounds:

> (1) Whether the Commission's tardy justification to deny Bryant parole and continue her sentence to expiration violates the standard set forth in the Code and the corresponding guidelines published in the Code of Federal Regulations or the due process guarantee of the Fifth and Fourteenth Amendments; and
>
> (2) Whether Bryant's Notice of Action correcting her status as "Original Jurisdiction" without citing any reasons or what such a designation means, violates Bryant's procedural rights under the Due Process Clause.

*Id.* at 6-7.

Respondent answers that the Commission's reasons for denying Bryant parole were "contemporaneous" and satisfied the standard in 18 U.S.C. § 4206, the Commission's regulations, and Bryant's due process rights. Doc. 14 at 8-12. Respondent further explains the Commission's decision was not based on erroneous information and did not violate Bryant's right to equal protection. *Id.* at 12-18. Finally, Respondent explains the designation of Bryant's case as original jurisdiction did not

violate her due process rights. *Id.* at 18-21. Respondent concludes Bryant's petition should be denied. *Id.* at 21.

Bryant filed a reply. Doc. 15. Bryant asserts Respondent failed to prove the Commission's reasons for denying parole were "contemporaneous," failed to meet the standard of 18 U.S.C. § 4206 and corresponding regulations, and failed to prove her due process rights were not violated. *Id.* Bryant asserts the Commission's decision was arbitrary and capricious because it continues her confinement beyond the guidelines without the statutorily required good cause. *Id.* at 7. She asserts that "the reasons used to deny Bryant parole were not contemporaneous, and they did not meet the standard set forth in § 4206, and even though Bryant is a Category Eight offender, her due process rights were violated." *Id.* at 9. Bryant argues the designation of her case as original jurisdiction violated her due process rights. *Id.* at 11-13. She also argues there is a new intervening U.S. Supreme Court case that should be considered, <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013). *Id.* at 14-16.

> **Ground 1: Whether the Commission's tardy justification to deny Bryant parole and continue her sentence to expiration violates the standard set forth in the Code and the corresponding guidelines published in the Code of Federal Regulations or the due process guarantee of the Fifth and Fourteenth Amendments.**

In her first ground, Bryant argues that, in denying her parole, the Commission violated guidelines and standards in the Code of Federal Regulations as well as her right to due process. As Respondent explains, this ground lacks merit and should be denied.

"Parole is not a right, but an expectation that may be granted by the Commission." Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990). "A federal court will not reverse a decision of the Commission unless it involves flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion." Id.

When the Commission denies parole, it must "state with particularity" its reasons for denial on the Notice of Determination. 18 U.S.C. § 4206(b). Pursuant to 18 U.S.C. § 4206(c), if the Commission's decision exceeds the parole guidelines, the Commission must make a finding of good cause and provide the prisoner with written notice of its reasons, including a summary of the information relied on for the guidelines departure.

Here, in the Notice of Action dated February 16, 2012, the Commission explained the reasons for its decision to deny parole:

> Your offense behavior has been rated as Category Eight severity because it involved Murder. Your salient factor score is 9. . . . You have been in federal confinement as a result of your behavior for a total of 281 months as of November 17, 2011. Guidelines established by the Commission for the above offense behavior indicate a range of 100+ months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information, a decision more that [sic] 48 months above the minimum Category Eight guideline is warranted based on the following aggravating factors: You arranged to have someone paid to commit a murder. You and a co-defendant planned this crime for a period that exceeded a month and included unsuccessful attempts to execute that plan. You did eventually carryout the plan to kill your husband on June 26, 1982 by luring him to a location where your co-conspirators murdered him. The Commission is not convinced that this conduct was mitigated by a motive to save you and your children from abuse. At this time, the Commission finds your release on parole would depreciate the seriousness of the offense.

Doc. 14 Ex. S; see id. Ex. O. For Category Eight offenses, such as Bryant's, there is no upper limit to the parole guidelines. See 28 C.F.R. § 2.20 n.1 (stating that "[f]or

Category Eight, no upper limits are specified due to the extreme variability of the cases within this category"). Because there is no upper limit, the Commission does not exceed the guidelines in denying parole even when prisoner has served the minimum, or more, required by the guidelines. *See, e.g.*, Slader v. Pitzer, 107 F.3d 1243, 1248 (7th Cir. 1997); Madonna v. U.S. Parole Comm'n, 900 F.2d 24, 26 (3d Cir. 1990). Here, the Commission's explanation included Bryant's offense rating, the salient factor score, and factors for exceeding the minimum term of the guidelines, specifically, that Bryant planned the crime for over a month, which included unsuccessful attempts, and eventually succeeded by luring the victim to a location where co-conspirators murdered him.

The Commission further explained that it was "not convinced that this conduct was mitigated by a motive to save [Bryant and her] children from abuse," thus rejecting Bryant's claim that she committed the offense because she was a battered spouse. "The Commission's discretion is indeed broad," and "Congress intended the Commission, not the courts, to decide what significance should be accorded particular facts about particular prisoners." Shahid v. Crawford, 599 F.2d 666, 669-70 (5th Cir. 1979) (reversing district court order granting petition for writ of habeas corpus). The Commission's action is consistent with the explanation given in note 1 to 28 C.F.R. § 2.20 regarding Category Eight offenses and parole consideration:

> For Category Eight, no upper limits are specified due to the extreme variability of the cases within this category. For decisions exceeding the lower limit of the applicable guideline category by more than 48 months, the Commission will specify the pertinent case factors upon which it relied in reaching its decision, which may include the absence of any factors

> mitigating the offense.  This procedure is intended to ensure that the prisoner understands that individualized consideration has been given to the fact of the case, and not to suggest that a grant of parole is to be presumed for any class of Category Eight offenders.  However, a murder committed to silence a victim or witness, <u>a contract murder</u>, a murder by torture, the murder of a law enforcement officer to carry out an offense, or a murder committed to further the aims of an on-going criminal operation, <u>shall not justify a grant of parole at any point in the prisoner's sentence unless there are compelling circumstances in mitigation</u> (e.g., a youthful offender who participated in a murder planned and executed by his parent).  <u>Such aggravated crimes are considered, by definition, at the extreme high end of Category Eight offenses</u>.  For these cases, the expiration of the sentence is deemed to be a decision at the maximum limit of the guideline range.  (The fact that an offense does not fall under the definition contained herein does not mean that the Commission is obliged to grant a parole.)

(emphasis added).  *See, e.g.*, <u>Shakur v. Wiley</u>, 156 F. App'x 137, 140 n.5 (11th Cir. 2005) (citing 18 U.S.C. § 4206(c) and 28 C.F.R. § 2.20 note 1, and explaining "Shakur did *not* contest the rating of the offense severity at Category Eight under the Commission's guidelines and thus, so long as the Commission specified its reasons, there was no upper limit to Shakur's parole period).

Here, the Commission explained its reasons and therefore satisfied the regulations as well as statutory and due process requirements.   *See* 18 U.S.C. § 4206(b), (c); *see also, e.g.*, <u>Stroud v. United States Parole Comm'n</u>, 668 F.2d 843, 846 (5th Cir. 1982) (explaining Commission satisfied "statutory requirement concerning decisions outside the guidelines that 'the prisoner is furnished with written notice stating with particularity the reasons for its determination, including a summary of the information relied upon'" where "[t]he panel's statement included the offense rating and salient factor score, as well as those factors which led the panel to arrive at a

determination outside the guidelines"). The National Appeals Board explained this in detail, in its Notice of Action dated August 21, 2012, analyzing Bryant's arguments and affirming the Commission's decision:

> You claim that the Parole Commission violated your due process rights because the reasons for its decision concern your offense conduct that took place over 30 years ago. There is no due process right to being released before the expiration of the sentence. Due process requires an opportunity to be heard and for the Commission to explain the reasons for its decision. The factors considered by the Parole Comission concern whether release would jeopardize the public welfare and whether release would depreciate the seriousness of the offense or promote disrespect for the law. See 18 U.S.C. § 4206(a). Once it has considered all available and relevant information, the Commission may deny parole for the same reasons that it had cited in a previous decision. Reasons for previously denying parole are not "used up" and, in some cases, the seriousness of the offense conduct may not diminish with the passage of time.
>
> You also claim that the Parole Commission used factors to deny parole that it had already considered to rate the offense severity as Category Eight, i.e., that the Commission double counted in violation of your due process rights. The National Appeals Board finds that the Commission did not double count in making its decision. The parole guidelines for Category Eight offenses, such as murder, have no upper limit. Where the Commission's decision exceeds the lower limit by more than 48 months, it specifies the pertinent case factors on which it relied for its decision. In your case, the Commission explained that the aggravating nature of the offense, that you hired someone to murder your husband, was the basis for its decision to exceed the lower limit of the parole guidelines. This does not violate the prohibition on double counting.
>
> You claim that the fact that you were abused by your husband is mitigating information that should result in a more lenient decision. You explain that this abuse was not mentioned during your trial or sentencing because of the advice of your attorney and because Battered Woman's Syndrome was not a valid defense at that time. You discussed this information at your initial hearing in 1998 and stated that you were trying to obtain medical records to support your claims. You were unable to produce any records although you indicated in your letters to the Parole Commission that there were numerous trips to the hospital. The National Appeals Board considered the information from your children at your last

appeal and concluded that it was unlikely that children of 5 or 3 would remember the events that they have recounted on their own. With an official record that is devoid of any mention of abuse, and a lack of any medical documentation or reliable information to corroborate your claims, it would be problematic for the Commission to find that your version of the events that led to your husband's murder is credible. Therefore, the National Appeals Board affirms the Commission's finding that the mitigating information is not credible information.

Doc. 14 Ex. X.

Based on the foregoing, the Commission's decision did not involve "flagrant, unwarranted, or unauthorized action" that constitutes an abuse of the Commission's broad discretion. Glumb, 891 F.2d at 873. Bryant's first ground lacks merit and should be denied.

### Ground 2: Whether Bryant's Notice of Action correcting her status as "Original Jurisdiction" without citing any reasons or what such a designation means, violates Bryant's procedural rights under the Due Process Clause.

In her second ground, Bryant asserts her rights to procedural due process were violated by the Notice of Action correcting her status to "Original Jurisdiction" without citing any reasons or what such a designation means. This ground also lacks merit.

The Hearing Summary for the 15-year reconsideration hearing held November 17, 2011, indicates the Hearing Examiner, Joseph A. Pacholski, recommended the case for original jurisdiction. Doc. 14 Ex. Q at 3. The Commission agreed with the recommendation; however, its initial Notice of Action, dated February 16, 2012, did not include this designation. *Id.* Ex. S. Accordingly, it issued a Corrected Notice of Action on May 8, 2012, which included the following sentence, after the paragraph containing

its reasons for denying parole: "**The above is an Original Jurisdiction decision and is appealable to the Commission under 28 C.F.R. § 2.27**." *Id.* Ex. O.

Bryant did not raise an argument concerning the original jurisdiction designation in her appeal to the National Appeals Board. *See* Doc. 14 Ex. V, W. Moreover, as Respondent points out, the designation of a case as original jurisdiction does not affect Bryant's potential for parole; rather, it merely increases the number of commissioners who will decide her case. Doc. 14 at 20; *see* 28 C.F.R. § 2.17. Indeed, as explained by the Fifth Circuit in 1977:

> Designation of a case as original jurisdiction does not reflect a judgment by the Board as to the merits of an inmate's application for parole. The referral has the sole effect of bringing the case before the National Directors of the Board of Parole for the initial parole release decision, whereas in the normal case the authority to make the initial decision is delegated to the hearing examiners. The referral also has the additional effect of providing the inmate with an appeal to the entire Board of Parole, at which time his representative may appear and argue his case.
>
> The purpose of the increased voting quorum requirements is not to make parole more difficult to obtain but to protect confidence in the integrity of the Parole Board by assuring that there is a broader consensus among Board members in cases where there is more likely to be public or private pressure to parole or not to parole.

King v. Warden, U.S. Penitentiary, 551 F.2d 996, 999 (5th Cir. 1977). Even assuming Petitioner Bryant had a liberty interest in her parole, the designation of her case as "original jurisdiction" did not violate her right to due process. *See* Pope v. United States Parole Comm'n, 647 F.2d 125, 126 (10th Cir. 1981) (quoting King and holding: "Plaintiff claims that the Commission's designation of his case as an 'original jurisdiction' case prejudiced his parole application and that he deserved advance notice of this

designation and an opportunity to challenge it.  The procedure for and purpose of designating a case as 'original jurisdiction' is set out at 28 C.F.R. s 2.17.  Even assuming that plaintiff has a liberty interest in his parole, the designation of his case as 'original jurisdiction' did not violate his right to due process."); *see also* <u>Baker v. McCall</u>, 543 F. Supp. 498, 501 (S.D.N.Y. 1981) (rejecting § 2241 petitioner's claim that designation of his case as "original jurisdiction violated his rights to meaningful parole consideration" and explaining that "designation in no way undermines petitioner's due process rights, and can not form grounds for issuance of the writ").

Based on the foregoing, the Commission's designation of Bryant's case as "original jurisdiction" did not involve "flagrant, unwarranted, or unauthorized action" that constitutes an abuse of the Commission's broad discretion.  <u>Glumb</u>, 891 F.2d at 873.  Bryant's second ground lacks merit and should be denied.

### **Ground 3: Intervening Case**

Finally, in her reply, Bryant argues for the first time that an intervening case, <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), applies here.  Doc. 15 at 13-15.  In particular she argues, "The reasoning in <u>Alleyne</u> must be seriously considered to conclude the previous decision in the various circuits were wrong, including the Eleventh Circuit, when it was decided there was not an <u>Apprendi</u> violation in [p]arole decisions unless a sentence exceeds a 'maximum penalty.'"  *Id.* at 15.

<u>Alleyne</u> has no applicability here.  As the Eleventh Circuit has explained:

> First, neither <u>Alleyne</u> itself nor any later Supreme Court decision holds that <u>Alleyne</u> is retroactive.  *See* <u>United States v. Harris</u>, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014).  Second, the <u>Alleyne</u> Court explained that its

>holding was an application of the rule established in Apprendi v. New Jersey, see Alleyne, 133 S.Ct. at 2163 (applying Apprendi, 530 U.S. 466 . . . (2000)), and we have repeatedly held that Apprendi's rule does not apply retroactively on collateral review. See, e.g., Dohrmann v. United States, 442 F.3d 1279, 1281-82 (11th Cir. 2006) (holding that Apprendi does not retroactively apply to § 2241 petitions) . . . . If Apprendi's rule is not retroactive on collateral review, then neither is a decision applying its rule. See In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005) (explaining that decisions "based on an extension of Apprendi" are not retroactive); see also Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that Alleyne is not retroactive because Apprendi is not retroactive). Finally, every one of our sister circuits to consider the issue in a published decision has concluded that Alleyne is not retroactively applicable on collateral review.

Jeanty v. Warden, FCI-Miami, 757 F.3d 1283 (11th Cir. 2014). Accordingly, this ground lacks merit and should be denied.

## Conclusion

For the reasons set forth above, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 8) by Leesa Bryant be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2015.

>S/   Charles A. Stampelos
>**CHARLES A. STAMPELOS**
>**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**